UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5540 ABC (SHx) | | Date | June 17, 2008 |
|---|---|---|---|---|
| Title | Alfredo B. Payares v. JP Morgan Chase & Co., et al. | | | |

| Present: The Honorable | Audrey B. Collins | |
|---|---|---|
| Daphne Alex | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   DEFENDANTS' MOTION FOR CERTIFICATION AND A STAY PURSUANT TO 28 U.S.C. § 1292(b) (In Chambers)

     On May 15, 2008, the Court granted in part and denied in part Defendants' Motion to Dismiss, filed March 11, 2008. Plaintiff's two causes of action under the Civil Rights Act (42 U.S.C. §§ 1981-1982) were dismissed, but his causes of action under the Equal Credit Opportunity Act (15 U.S.C. §§ 1691-1691f) and the Fair Housing Act (42 U.S.C. §§ 3601-3619) were allowed to proceed. In so holding, the Court rejected Defendants' argument that claims of "disparate impact" discrimination are not cognizable under either the Equal Credit Opportunity Act ("ECOA") or the Fair Housing Act ("FHA"). Defendants now seek permission to pursue an interlocutory appeal of this issue before the Ninth Circuit, filing a Motion for Certification and a Stay Pursuant to 28 U.S.C. § 1292(b) on May 30, 2008. Plaintiff opposed this motion on June 9, 2008, and Defendants filed their reply on June 16, 2008. The Court finds that the motion is appropriate for submission without oral argument and VACATES the hearing set for June 23, 2008. See Fed. R. Civ. P. 78(b); Local Rule 7-15. (Note, however, that the Scheduling Conference also set for June 23, 2008, shall remain on calendar.)

     The Court is authorized to certify interlocutory orders for appeal under certain conditions; that is, when the order: (1) "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) when "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Defendants argue that there is substantial ground for a difference of opinion on the question of whether disparate impact claims are cognizable under either the ECOA or the FHA, but the Court disagrees. As noted in the Court's May 15 Order, Ninth Circuit law is clear; disparate impact claims are permissible here. Defendants have not pointed to any contrary interpretations of those statutes, either within this Circuit or in other Circuits. Defendants simply reiterate the argument, fully presented in their briefs in support of their Motion to Dismiss, that the Supreme Court cases of Alexander v. Sandoval, 532 U.S. 275 (2001), and Smith v. City of Jackson, 544 U.S. 228 (2005), should be interpreted as barring disparate impact claims under these two statutes. The Court rejected this argument in ruling on the Motion to Dismiss, and that decision was not a close call. Nor are the recent Supreme Court decisions in Gomez-Perez v. Potter, 128 S. Ct. 1931 (May 27, 2008), and CBOCS West, Inc. v. Humphries, 128 S. Ct. 1951 (May 27, 2008),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5540 ABC (SHx) | Date | June 17, 2008 |
|---|---|---|---|
| Title | Alfredo B. Payares v. JP Morgan Chase & Co., et al. | | |

to the contrary.

As the Court noted before, "it is not impossible that the Supreme Court would agree with Defendants' position," but such a theoretical possibility does not create a "substantial ground for difference of opinion." In fact, if Defendants' argument had not had at least some possibility of success, they might have been subject to sanctions for advancing a completely meritless position. Not every legal position that has enough merit to argue is sufficiently "substantial" to be worthy of an interlocutory appeal, however, and Defendants have not presented anything to suggest that this is one of the rare cases in which such an appeal would be appropriate. Accordingly, having considered the materials submitted by the parties and the case file, the Court hereby DENIES the Motion for Certification and a Stay Pursuant to 28 U.S.C. § 1292(b).

**IT IS SO ORDERED.**

                                                                                                           :

Initials of Preparer    DA