| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>JOHN J. STOIA, JR. (141757)<br>THEODORE J. PINTAR (131372)<br>San Diego, CA 92101-3301<br>Telephone: 619/231-1058<br>619/231-7423 (fax)<br>johns@rgrdlaw.com<br>tedp@rgrdlaw.com |
| 6<br>7<br>8<br>9 | RODDY KLEIN & RYAN<br>GARY KLEIN<br>727 Atlantic Avenue<br>Boston, MA 02111-2810<br>Telephone: 617/357-5500<br>617/357-5030 (fax)<br>klein@roddykleinryan.com |
| 10 | Attorneys for Plaintiffs |

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV - 9 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

JS6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ALFREDO B. PAYARES, ZINNIA GONZALEZ and GREGORY WALKER,<br>                Plaintiffs,<br>vs.<br>J.P. MORGAN CHASE & CO. et al.,<br>                Defendants. | No. CV-07-05540-AG(ANx)<br><br>**CLASS ACTION**<br><br>[~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

258195_1

1  The Settlement Agreement between plaintiffs, on behalf of themselves and members of the Class defined below, and defendants Chase Bank USA, N.A. and JPMorgan Chase Bank, N.A. ("Chase") provides for the Settlement of this lawsuit on behalf of plaintiffs and Class Members, subject to final approval by this Court of its terms and to the entry of this Final Judgment.

Pursuant to an Order, dated May 17, 2010 ("Preliminary Approval Order"), the Court scheduled a hearing (the "Fairness Hearing") to consider final approval of the Settlement Agreement and the Settlement reflected in it.

Chase denies any wrongdoing, fault, violation of law, or liability for damages of any sort. Chase objected, and continues to object, to the certification of any class and has agreed to the certification of this class for settlement purposes only.

A Fairness Hearing was held before this Court on September 13, 2010, to consider, among other things, (i) whether the Settlement should be approved by this Court as fair, reasonable, and adequate, (ii) whether Class Counsel's request for approval of attorneys' fees and expenses is reasonable and should be approved by this Court, and (iii) whether plaintiffs' request for approval of service payments is reasonable and should be approved by this Court.

NOW THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

2. The Court finds that the Settlement Agreement is the product of good-faith, arm's length negotiations by the Parties, with the assistance of an experienced mediator. All Parties were represented by experienced counsel.

258195_1

3. The Court finds that the Class proposed for purposes of the Settlement meets the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), and hereby certifies a Settlement Class in the Action as follows:

> All African-American and Hispanic borrowers who, since August 23, 2005, obtained a mortgage loan originated through Chase's wholesale channel.

4. Notice was provided to members of the Settlement Class as provided for under the Settlement Agreement and the Preliminary Approval Order. For the reasons set forth in the Preliminary Approval Order, the Court finds that Notice was the best notice practicable in the circumstances and that it met applicable standards pursuant to Fed. R. Civ. P. 23(c)(2).

5. This Court approves the Settlement and all terms set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the Settlement Class, and the Parties to the Agreement are directed to consummate and perform its terms.

6. The Parties dispute the validity of the claims in this Action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, adequate, and in the best interests of the Settlement Class. Beyond facing uncertainty regarding the resolution of those issues, by continuing to litigate, Class Members would also face the challenge of surviving an appeal of any class certification order entered in this Action, and any other rulings rendered during trial. The relief negotiated by the Parties includes the ability of Class Members whose mortgage loans are paid off to claim either a cash payment of $70 or a $300 credit toward the closing costs of a new Chase mortgage loan. The relief negotiated by the Parties includes the ability of Class Members whose mortgage loans are outstanding, but not Delinquent, to claim either a cash payment of $90 or a $300 credit toward the closing costs of a new Chase mortgage loan. For Class Members whose mortgage loans are outstanding, but are Delinquent, the relief negotiated by the Parties includes special access ("Red Carpet Access") to Chase's

existing loan modification program, with dedicated Chase personnel to assist with loan modifications, with personnel with Spanish language skills. For these reasons, the Court finds that the uncertainties of continued litigation in the trial court and potentially on appeal, as well as the expense associated with it, weigh in favor of approval of the Settlement Agreement.

7. Any and all objections to Final Approval of the Settlement Agreement and to Class Counsel's request for approval of attorneys' fees and expenses have been considered and are hereby found to be without merit and are overruled.

8. This entire Action is dismissed with prejudice, and without costs to any Party, except as otherwise provided by the award of Attorney's Fees and Costs to Class Counsel provided below.

9. Upon the Effective Date, the Class Representatives forever release, waive, discharge, and agree to the dismissal of, with prejudice, all claims that have been made, or could have been made, in the Action against Chase (defined here to include all of its parents, subsidiaries, affiliates, agents, successors, assignors, assignees, and/or assigns and their respective subsidiaries, affiliates, agents, successors, assignors, assignees, and/or assigns, and each of their respective present, former, or future officers, directors, shareholders, agents, employees, representatives, consultants, accountants, and attorneys), under ECOA or the FHA, or any other federal or state statute or any common law theory, including all claims for monetary, equitable, declaratory, injunctive, or any other form of relief.

10. Each Class Member who has not opted out of the Settlement in accordance with the terms of the Agreement, and each of their respective spouses, executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, joint tenants, tenants in common, tenants by the entirety, co-borrowers, agents, and assigns, and all those who claim through them or who assert claims on their behalf (including the government in its capacity as *parens patriae*), will be deemed to have completely released and forever discharged the Released Parties, and each of them,

from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability of any and every kind, including, without limitation, those based on contract, ECOA, and/or the FHA, or any other federal, state, or local law, statute, regulation, or common law, including all claims for monetary, equitable, declaratory, injunctive, or any other form of relief, whether known or unknown, suspected or unsuspected, under the law of any jurisdiction, which Class Representatives or any Class Member ever had, now has, or may have in the future, resulting from, arising out of, or in any way, directly or indirectly, connected with (a) the claims raised in this Action or its related action, *Gonzalez v. JPMorgan Chase*, No. CV08-2140 (C.D. Cal.), and (b) claims which could have been raised in this Action or the *Gonzalez* Action based on the same transactional nucleus of facts.

11. Class Counsel's request for approval of attorneys' fees and costs in the amount of $1.95 million, which Chase does not oppose, is approved. This Court, having presided over the above-captioned action and having considered the materials submitted by Class Counsel in support of final approval of the settlement as well as their request for attorneys' fees and costs, finds the award appropriate based on the following factors:

    a. The settlement provides substantial benefits for the class.

    b. The requested award of attorneys' fees and expenses is within the range of reasonable fees for similar class action settlements.

    c. The requested fee is consistent with the total lodestar fees of Class Counsel, based on declarations submitted to the Court.

    d. This litigation raised numerous questions of law and fact, plaintiffs' counsel was opposed by highly skilled defense counsel, the litigation was intensely contested through the completion of the Settlement Agreement, and there was substantial risk that plaintiffs would not prevail on some or all of their claims.

    e. The Settlement was negotiated at arms' length and without collusion, with the assistance of a highly qualified mediator.

   f. Under the Settlement Agreement, the attorney's fees and costs will be paid by Chase in addition to the substantial benefits to the Settlement Class and therefore do not reduce the amount available to Class Members from a common fund.

  12. Class Representatives' request for approval of service payments in the amount of $5,000 per Class Representative, which Chase does not oppose, is approved. These payments represent appropriate compensation to the Class Representatives, consistent with the value of their service to the members of the Settlement Class. Under the Settlement Agreement, these amounts will be paid by Chase in addition to the substantial benefits to the Settlement Class and therefore do not reduce the amount available to Class Members.

  13. Any person or entity wishing to appeal this Final Judgment ~~shall~~ NEED NOT post a bond with this Court, ~~in the amount of $_____ as a condition to prosecuting the appeal~~ SINCE THIS HAS BEEN WAIVED.

  14. If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason whatsoever, this Final Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever.

  15. Without affecting the finality of this Final Judgment in any way, this Court retains continuing jurisdiction for the purpose of enforcing the Settlement Agreement and this Final Judgment, and other matters related or ancillary to the foregoing.

258195_1

16. The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and Order of Dismissal with Prejudice be, and hereby is, entered as a final and appealable order.

\* \* \*

**ORDER**

IT IS SO ORDERED.

DATED: November 9, 2010

HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

- 29 -
258195_1